

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| CURTIS W. BERRY, | § | No. 08-12-00033-CV |
| Appellant, | § | Appeal from |
|  | § |  |
| v. | § | 158th District Court |
|  | § |  |
| CAROLYN I. BERRY, | § | of Denton County, Texas |
|  | § |  |
| Appellee. | § | (TC # 2010-20587-158) |
|  | § |  |

## **O P I N I O N**

This appeal arises from a petition for enforcement of property division following entry of a final decree of divorce. After a trial to the bench, Curtis Wayne Berry was ordered to pay his former wife, Carolyn Inez Berry, the sum of $44,000 together with pre- and post-judgment interest of 6%. Curtis brings one issue for review. For the reasons that follow, we affirm.

### FACTUAL SUMMARY

Curtis and Carolyn entered into a mediated settlement agreement which was approved as to both form and substance in the final decree of divorce. The decree stipulates that the agreement is also enforceable as a contract. Pursuant to the decree, Carolyn was awarded $44,000 which Curtis was to pay by cash or cashier's check on the day the decree was signed -- November 17, 2010.

On December 11, 2010, Carolyn filed a petition for enforcement of property division in which she alleged that Curtis had not paid her the $44,000. She sought a money judgment, including pre- and post-judgment interest and attorney's fees. She also sued for breach of contract. During the bench trial, Curtis admitted that he had not paid the money although he was awarded funds in a bank account containing $44,276 from which he could have accessed the money. Instead, he used $30,000 from that account to buy out his new wife's former husband's interest in their home. The trial court granted all relief requested.

## AVAILABILITY OF MONEY JUDGMENT

In his sole issue for review, Curtis complains that the trial court erred in awarding a second money judgment for the same debt. To the extent we understand his argument, Curtis contends that the divorce decree was a valid final judgment such that the trial court erred in granting a second money judgment for the same claim. Citing elements of *res judicata*, Curtis argues:

> The original cause of action, having been fully resolved and merged into the decree cannot be relitigated as long as the judgment continues in effect. (Citation omitted) It goes without saying that asking the court to enforce the divorce decree accepted that [sic] the premise that the divorce decree was in full force and effect.

> A judgment in a suit on one theory is conclusive not only on all theories of liability that might have been alleged, but also on all defenses that might have been urged with respect to the claim.

It appears from this argument that Curtis believes he now has two separate $44,000 judgments entered against him. He is mistaken. Carolyn has invoked her rights under the Texas Family Code to enforce the decree by reducing to judgment the money Curtis was supposed to pay but did not. The Family Code provides:

**§ 9.010.  Reduction to Money Judgment**

(a)  If a party fails to comply with a decree of divorce or annulment and delivery of property awarded in the decree is no longer an adequate remedy, the court may render a money judgment for the damages caused by that failure to comply.

(b)  If a party that did not receive payments of money as awarded in the decree of divorce or annulment, the court may render judgment against a defaulting party for the amount of unpaid payments to which the party is entitled.

(c)  The remedy of reduction to money judgment is in addition to the other remedies provided by law.

(d)  A money judgment rendered under this section may be enforced by any means available for the enforcement of judgment for debt.

TEX.FAM.CODE ANN. § 9.010  (West 2006)  Thus, Carolyn was entitled to recover a money judgment pursuant to either subsection (b) or subsection (c) inasmuch as the decree was also enforceable as a contract.  She pled both theories of recovery, but she recovered only one judgment.  She can now abstract that judgment and move toward collection of the debt.

The Supreme Court transferred this case from the Second Court of Appeals to this court pursuant to a docket equalization order.  The Rules of Appellate Procedure require us to decide this case in accordance with precedent of the Second Court of Appeals.  *See* TEX.R.APP.P. 41.3. That court has similarly upheld money judgments pursuant to Section 9.010.

> However, the family code also allows a party who does not receive payments of money awarded in a divorce decree to sue the defaulting party for a money judgment in the amount of the unpaid payments.  This remedy of reduction to a money judgment is in addition to the other remedies provided by law.

*Jenkins v. Jenkins*, 991 S.W.2d 440 (Tex.App.--Fort Worth 1999, pet. denied).  Finding no abuse of discretion, we overrule the point sole and affirm the judgment of the trial court.

September 11, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.